**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ONLINE NEWS LINK LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| NETFLIX INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff ONLINE NEWS LINK LLC files this Complaint against NETFLIX INC. for infringement of U.S. Patent No. 7,181,758 ("the '758 patent"), U.S. Patent No. 7,508,789 ("the '789 patent"), and U.S. Patent No. 8,457,545 ("the '545 patent").

## I.  THE PARTIES

1.  Plaintiff ONLINE NEWS LINK LLC ("Plaintiff") is a Texas limited liability company, with its principal place of business in Plano, Texas.

2.  Defendant NETFLIX INC. ("Defendant" or "Netflix") is a Delaware corporation with its corporate headquarters and principal place of business at 100 Winchester, Los Gatos, California 95032.  Netflix has appointed its agent for service as follows:  The Corporation Trust Company at 1209 Orange Street, Wilmington Delaware 19801.

## II.  JURISDICTION AND VENUE

3. This is an action for patent infringement arising under 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction of this action under Title 28 U.S.C. §1331 and §1338(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, Defendant is organized and incorporated under the laws of this judicial district, is deemed to reside in judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving their accused products in this judicial district, and/or has regular and established places of business in this judicial district.

5. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process as Defendant is organized and incorporated under the laws of this state. Defendant has also established minimum contacts with the forum state of Delaware.  This includes, but is not limited, soliciting advertising from Delaware companies and by operating an Internet website and conducting business over that Internet website that is accessible to residents of Delaware, including www.Netflix.com.  Thus, Defendant has purposefully availed themself of the benefits of the state of Delaware and the exercise of jurisdiction is proper.

## III.  PATENT INFRINGEMENT

### COUNT I — INFRINGEMENT OF U.S. PATENT NO. 7,181,758

6. Plaintiff is the assignee of the '758 patent, entitled "INFORMATION DISTRIBUTION AND PROCESSING SYSTEM," with ownership of all substantial rights. Among other rights, Plaintiff has the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, the exclusive right to settle any claims of infringement, and the exclusive right to grant sublicenses, including the exclusive

right to exclude Netflix, the exclusive right to sue Netflix, the exclusive right to settle any claims with Netflix, and the exclusive right to grant a sublicense to Netflix.  A true and correct copy of the '758 patent is attached as Exhibit A.

7.      Netflix has infringed and continues to directly infringe one or more claims of the '758 patent in this judicial district and elsewhere in the United States by, among other things, making, having made, using, offering for sale, and/or selling claimed information distribution and processing systems.  At a minimum, Netflix has been, and now is, directly infringing claims of the '758 patent, including (for example) at least claim 1, by making, having made, and/or using its information distribution system(s) that transmit(s) email communications containing user-selectable links associated with data on a server.

8.      Plaintiff has been damaged as a result of Netflix's infringing conduct.  Netflix is, thus, liable to Plaintiff in an amount that adequately compensates it for Netflix's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT II — INFRINGEMENT OF U.S. PATENT NO. 7,508,789**

9.      Plaintiff is the assignee of the '789 patent, entitled "INFORMATION DISTRIBUTION AND PROCESSING SYSTEM," with ownership of all substantial rights. Among other rights, Plaintiff has the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, the exclusive right to settle any claims of infringement, and the exclusive right to grant sublicenses, including the exclusive right to exclude Netflix, the exclusive right to sue Netflix, the exclusive right to settle any claims with Netflix, and the exclusive right to grant a sublicense to Netflix.  A true and correct copy of the '789 patent is attached as Exhibit B.

10. Netflix has infringed and continues to directly infringe one or more claims of the '789 patent in this judicial district and elsewhere in the United States by, among other things, making, having made, using, offering for sale, and/or selling claimed information distribution and processing systems. At a minimum, Netflix has been and now is directly infringing claims of the '789 patent, including (for example) at least claim 16, by making, having made, and/or using its information distribution system(s) that transmit(s) email communications containing user-selectable links associated with data on a server.

11. Plaintiff has been damaged as a result of Netflix's infringing conduct. Netflix is, thus, liable to Plaintiff in an amount that adequately compensates it for Netflix's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT III — INFRINGEMENT OF U.S. PATENT NO. 8,457,545

12. Plaintiff is the assignee of the '545 patent, entitled "INFORMATION DISTRIBUTION AND PROCESSING SYSTEM," with ownership of all substantial rights. Among other rights, Plaintiff has the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, the exclusive right to settle any claims of infringement, and the exclusive right to grant sublicenses, including the exclusive right to exclude Netflix, the exclusive right to sue Netflix, the exclusive right to settle any claims with Netflix, and the exclusive right to grant a sublicense to Netflix. A true and correct copy of the '545 patent is attached as Exhibit C.

13. Netflix has infringed and continues to directly infringe one or more claims of the '545 patent in this judicial district and elsewhere in the United States by, among other things, making, having made, using, offering for sale, and/or selling claimed information distribution

and processing systems. At a minimum, Netflix has been and now is directly infringing claims of the '545 patent, including (for example) at least claim 1, by making, having made, and/or using an information distribution system(s) that transmit(s) email communications containing user-selectable links associated with data on a server.

14. Plaintiff has been damaged as a result of Netflix's infringing conduct. Netflix is, thus, liable to Plaintiff in an amount that adequately compensates it for Netflix's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## IV.  JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V.  PRAYER FOR RELIEF

Plaintiff requests that the Court find in its favor and against Netflix, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of U.S. Patent No. 7,181,758, U.S. Patent No. 7,508,789, and/or United States Patent No. 8,457,545 has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d. That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

e. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

| | |
|---|---|
| Dated: August 16, 2013 | Respectfully submitted, |
| | FARNAN LLP |
| | /s/ Brian E. Farnan |
| | Brian E. Farnan (Bar No. 4089) |
| | Michael J. Farnan (Bar No. 5165) |
| | 919 North Market Street |
| | 12th Floor |
| | Wilmington, DE 19801 |
| | Telephone: 302-777-0300 |
| Of Counsel: | Facsimile: 302-777-0301 |
| | bfarnan@farnanlaw.com |
| Jay D. Ellwanger | |
| Stefanie T. Scott | |
| DiNovo Price Ellwanger & Hardy LLP | |
| 7000 North MoPac Expressway | |
| Suite 350 | |
| Austin, Texas  78731 | |
| (512) 539-2626 (phone) | |
| (512) 539-2627 (fax) | |
| jellwanger@dpelaw.com | |
| sscott@dpelaw.com | |
| | *Attorneys for Plaintiff Online News Link LLC* |