IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ONLINE NEWS LINK LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-1438 (RGA) |
| | ) |
| NETFLIX INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
<u>PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

*Attorneys for Netflix Inc.*

October 18, 2013

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

    I.    NATURE AND STAGE OF THE PROCEEDINGS ............................................1

    II.    SUMMARY OF THE ARGUMENT ....................................................................1

    III.    STATEMENT OF FACTS .....................................................................................1

    IV.    ARGUMENT ..........................................................................................................2

    A.    Online News Has Failed to State a Claim Upon Which Relief Can be Granted Because the Complaint Does Not Give Netflix Fair Notice of What is Alleged to Infringe ..................................................................2

    V.    CONCLUSION ......................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................... 1, 3

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................... 1, 3

*Clouding IP, LLC v. Amazon.com, Inc.*,
    C.A. Nos. 12-641 (LPS), 12-642 (LPS), 12-675 (LPS), 2013 WL 2293452 (D. Del.
    May 24, 2013) .................................................................................................................... 4

*Eidos Commc'ns, LLC v. Skype Techs. SA*,
    686 F. Supp. 2d 465 (D. Del. 2010) ..................................................................... 3, 4, 5, 8

*Fifth Mkt., Inc. v. CME Grp., Inc.*,
    C.A. No. 08-520 (GMS), 2009 WL 5966836 (D. Del. May 14, 2009) ........................... 4, 5, 7

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) ................................................................................................ 2

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ........................................................................................... 2

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
    714 F.3d 1277 (Fed. Cir. 2013) ......................................................................................... 4, 8

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007) ......................................................................................... 2, 3

*Parallel Iron LLC v. Accenture Inc.*,
    C.A. No. 12-917 (RGA) (D. Del. Nov. 9, 2012) ................................................................... 7

*St. Clair Intellectual Prop. Consultants, Inc. v. Apple Inc.*,
    C.A. No. 10-982 (LPS), 2011 WL 4571812 (D. Del. Sept. 30, 2011) ................................... 8

*XPoint Techs., Inc. v. Microsoft Corp.*,
    730 F. Supp. 2d 349 (D. Del. 2010) ..................................................................................... 4

**RULES AND STATUTES**

Federal Rule of Civil Procedure 8 ................................................................................. 1, 2, 3, 8

Federal Rule of Civil Procedure 12(b)(6) ................................................................................. 9

## I. NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Online News Link, LLC ("Online News") filed this action against Defendant Netflix Inc. ("Netflix") on August 16, 2013, alleging that Netflix has infringed U.S. Patent Nos. 7,181,758 ("the '758 patent"), 7,508,789 ("the '789 patent") and 8,457,545 ("the '545 patent"). Netflix has moved to dismiss the Complaint (D.I. 1) for failure to state a claim. This is Netflix's Opening Brief in support of that motion.

## II. SUMMARY OF THE ARGUMENT

The Complaint fails to satisfy the pleading standards of Federal Rule of Civil Procedure 8(a) as articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Indeed, the Complaint does not even satisfy the minimal requirement of Federal Rule of Civil Procedure Form 18 for patent infringement. Rather than identify any allegedly infringing product or service, Online News simply alleges that Netflix infringes "claims of the '758 patent, including (for example) at least claim 1, by making, having made, and/or using its information distribution system(s) that transmit(s) email communications containing user-selectable links associated with data on a server." (D.I. 1 ¶ 7.) Online News makes the same allegations based on "at least claim 16" of the '789 patent and "at least claim 1" of the '545 patent. (D.I. 1 ¶¶ 10, 13.) These allegations do not satisfy Online News's obligation to provide Netflix with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (omission in original) (internal quotation marks omitted).

## III. STATEMENT OF FACTS

Each of the asserted claims of the '758, '789 and '545 patents is directed at "[a]n information distribution system for distributing information …." With respect to each of those patents, Online News makes the same allegation of infringement, by repeating that preamble language from the patent claims, without identifying any Netflix product or service. Instead,

Online News alleges that Netflix has infringed by "making, having made, and/or using its information distribution system(s) that transmit(s) email communications containing user-selectable links associated with data on a server." (D.I. 1 ¶¶ 7, 10, 13.) The allegation of transmitting "email communications containing user-selectable links associated with data on a server," does not identify a Netflix product or service, or even a category of products. Rather, it is a paraphrase of the language of the asserted patent claims. *E.g.*, '758 Patent claim 1 ("An information distribution system . . . comprising: . . . receiving devices . . . [that] extract[] at least a portion of [a] linkage reference in response to a selection of . . . displayable data by a user, and send[] . . . at least a portion of [a] linkage reference to [a] remote site.") Online News has not explained in its Complaint what it alleges infringes its patents. Online News's "making, having made and/or using" allegation does nothing to clarify what system is accused.

## IV. ARGUMENT

### A. Online News Has Failed to State a Claim Upon Which Relief Can be Granted Because the Complaint Does Not Give Netflix Fair Notice of What is Alleged to Infringe

Motions to dismiss for failure to state a claim are governed by regional circuit law. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (internal quotation marks omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible."). Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (omission in

original) (internal quotation marks omitted) (interpreting Rule 8); *see also Iqbal*, 556 U.S. at 684-85 (applying *Twombly* to civil actions pleaded under Rule 8).

Although "detailed factual allegations" are not required, a complaint must allege "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In the patent context, a patentee must "plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357 (citing *Twombly*, 550 U.S. at 565 n.10). In determining whether a complaint alleging direct patent infringement is sufficiently pleaded, courts in this District have applied the standard the Federal Circuit set forth in *McZeal*, which, like Form 18, requires a plaintiff alleging direct infringement to provide the following:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by making, selling, and using [the device] embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Eidos Commc'ns, LLC v. Skype Techs. SA*, 686 F. Supp. 2d 465, 467 (D. Del. 2010) (alteration in original) (internal quotation marks omitted).

Under that standard, however, a patentee must do more than allege that the defendant infringes by "'making, using, selling, and/or offering for sale products and methods covered by the claims of' the patents-in-suit." *XPoint Techs., Inc. v. Microsoft Corp.*, 730 F.

Supp. 2d 349, 353-54 (D. Del. 2010) (quoting *Fifth Mkt., Inc. v. CME Grp., Inc.*, C.A. No. 08-520 (GMS), 2009 WL 5966836, at *1 (D. Del. May 14, 2009)). A patentee must specify "whether [it is] targeting either a product or a method" and is "obligated to specify, at a minimum, a general class of products or a general identification of the alleged infringing methods." *Eidos*, 686 F. Supp. 2d at 467. Although Form 18 does not require "that a plaintiff identify an accused device by name," *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013), it does require an identification of at least "a general category of products," *Clouding IP, LLC v. Amazon.com, Inc.*, C.A. Nos. 12-641 (LPS), 12-642 (LPS), 12-675 (LPS), 2013 WL 2293452, at *2 (D. Del. May 24, 2013).

In *Eidos*, for example, Judge Robinson granted a motion to dismiss where the plaintiffs alleged that

> the technology at issue generally involves a communication system that employs products and/or methodologies to allow for the transmission and/or control of digitized voice data, as well as to allow for the transmission and/or control of message data, in communications applications such as, and by way of example only, messaging and telephony.

686 F. Supp. 2d at 466 (internal quotation marks omitted). The Court held that the "complaint at bar does not specify a product or method at all," as it gives only "examples of large technology areas, not genres of products." *Id.* at 468.

Similarly, in *Fifth Market*, Judge Sleet dismissed a patent infringement complaint that attempted to define the defendants' accused products by referring only to the claims of the patent-in-suit. 2009 WL 5966836, at *1. He noted that none of the claims in the complaint "contain any reference to a single infringing product or method. . . . Therefore, [the] complaint fails to provide the . . . defendants with fair notice of the claims and grounds for their entitlement to relief, and the court will grant the . . . motion to dismiss." *Id.*

Here, Online News's Complaint alleges that Netflix infringes the asserted patents by "making, having made, and/or using its information distribution system(s) that transmit(s) email communications containing user-selectable links associated with data on a server." (D.I. 1 ¶¶ 7, 10, 13.) As in *Eidos*, such vague allegations do not provide Netflix with meaningful notice of what products or services are accused of infringement. *See Eidos*, 686 F. Supp. 2d at 468 (holding that "'messaging and telephony' are examples of large technology areas, not genres of products as contemplated by Form 18"); *see also id.* at 468-69 ("[O]nly a vague description [of the accused products] appears in the background of the complaint."). The allegation that Netflix is infringing by "making, having made and/or using [an] information distribution system[] that transmit(s) email communications containing user-selectable links associated with data on a server" (D.I. 1 ¶¶ 7, 10, 13), is not a specification of "a general class of products or a general identification of the alleged infringing methods." *Id.* at 467. Indeed, the reference in *Eidos* to "products and/or methodologies to allow for the transmission and/or control of digitized voice data . . . in communications applications such as . . . messaging and telephony" is more specific than the "information distribution system" that Online News accuses here. *Id.* at 466. Online News's allegation is so vague that it could refer to every e-mail containing a link that Netflix transmits, or nothing at all. Thus, the Complaint gives no notice as to what Netflix is making or using that allegedly infringes.

As in *Fifth Market*, Online News's allegations improperly define the accused systems in terms of the patent claims alleged to infringe by repeating the "information distribution system" language from the preambles of the asserted claims followed by paraphrased language of other claim limitations. The chart below compares claims 1 and 4 of the '758 patent to the allegations in the Complaint to illustrate how the Complaint merely paraphrases the

language of the claims. The relevant claim language on the left side of the chart is emphasized in bold type.

| '758 Patent, claim 1 | Online News's Complaint |
|---|---|
| **An information distribution system** for distributing information to users in separate locations, said system being associated with at least one receiving station and a plurality of receiving devices each located in one of said separate locations, each of said receiving devices connecting to a display device that can display said information, said system **comprising**:<br>a remote site containing a first set of digital data; and<br>**a sender sending**, at a time determined by said sender**, a second set of digital data** to said at least one receiving station for transmission to at least one of said plurality of receiving devices, said second set of digital data comprising a first set of displayable data, a second set of displayable data, another set of data designating a presence of said second set of displayable data, and a first linkage reference associated with said second set of displayable data and with said first set of digital data;<br>**wherein said at least one of said receiving devices** causes said display device to display said first set of displayable data in a first way and said second set of displayable data in a second way, **extracts at least a portion of said first linkage reference in response to a selection of said second set of displayable data by a user**, and sends said at least a portion of said first linkage reference to said remote site. | "Netflix has been, and now is, directly infringing claims of the [asserted] patent[s] . . . by making, having made, and/or using its information distribution system(s) that transmit(s) email communications containing user-selectable links associated with data on a server." (D.I. 1 ¶¶ 7, 10, 13.) |
| **'758 Patent, claim 4** | |
| The system of claim 1 wherein said second set of digital data comprises **electronic mail**. | |

Merely paraphrasing the claim language in an infringement allegation is no different than alleging that a defendant "make[s], use[s], sell[s], and/or offer[s] for sale products and methods covered by the claims of the asserted patents." *Fifth Market*, 2009 WL 5966836, at *1. In fact, Online News's Complaint is even more abstract than the complaint in *Fifth Market*. The background section of the *Fifth Market* complaint at least identified one of the defendant's products, the Globex ® platform. *Id.* The Complaint here parrots limitations drawn from the claims but fails to identify any Netflix product or service.

More recently, in *Parallel Iron LLC v. Accenture Inc.*, C.A. No. 12-917 (RGA) (D. Del. Nov. 9, 2012), this Court granted a motion to dismiss an infringement allegation "that the Defendants make, use, sell, etc., 'products and/or services' 'implementing [Hadoop Distributed File System]'" because it "[could not] possibly be a sufficient description inasmuch as it identifie[d] no product or service that [the Defendant] sells, uses, etc." *Id.* at 2. Here, the allegation of "e-mail communications containing user-selectable links" is even less specific.

Netflix thus has no notice of what, if any, products or services are accused of infringement. Nowhere in the Complaint does Online News identify any system or service operated or offered by Netflix, let alone one that allegedly infringes the asserted patents. Indeed, Online News has made identical infringement allegations against eleven other companies that have very different businesses, including Dell,[1] Groupon,[2] and the furniture retailer Wayfair.[3] Online News's boilerplate allegations against defendants operating such different businesses illustrate how Netflix can only guess as to which of its products or services is alleged to infringe

---

[1]  *Online News Link LLC v. Dell, Inc.*, C.A. No.13-680 (W.D. Tex. Aug. 12, 2013).

[2]  *Online News Link LLC v. Groupon Inc.*, C.A. No. 13-1436 (D. Del. Aug. 16, 2013).

[3]  *Online News Link LLC v. Wayfair LLC*, C.A. No. 13-1440 (D. Del. Aug. 16, 2013).

- 8 -

the asserted patents.  *Cf. St. Clair Intellectual Prop. Consultants, Inc. v. Apple Inc.*, C.A. No. 10-982 (LPS), 2011 WL 4571812, at *3 (D. Del. Sept. 30, 2011) (distinguishing *Fifth Market* because the plaintiff identified several of the defendant's products within the fact section of the complaint).

Where, as here, the complaint alleges infringement by unspecified products or services, it is legally insufficient to meet the required pleading standards.  *See Eidos*, 686 F. Supp. 2d at 467, 469.  The Complaint fails to provide the "touchstones of . . . notice and facial plausibility" that both Rule 8 and Form 18 require.  *K-Tech*, 714 F.3d at 1286.  Therefore, the Complaint should be dismissed for failure to state a claim.

- 9 -

## V. CONCLUSION

For the foregoing reasons, Netflix requests that the Court dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

*Attorneys for Netflix Inc.*

October 18, 2013
7637611.5

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 18, 2013, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street<br>12th Floor<br>Wilmington, DE  19899<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Jay D. Ellwanger, Esquire<br>Stefanie T. Scott, Esquire<br>DINOVO PRICE ELLWANGER & HARDY LLP<br>7000 North MoPac Expressway<br>Suite 350<br>Austin, Texas 78731<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

7637611.5